Joseph M. Jabar, Dist. Atty., William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

Burton G. Shiro, Waterville, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM:

Convicted on June 12, 1975 by a Kennebec County jury of the respective charges of operating a motor vehicle at an excessive rate of speed contrary to 29 M.R.S.A., § 1251 and of failing to bring his automobile to a stop upon the signal of a uniformed police officer in violation of 29 M.R.S.A., § 2121, Peter V. Lint, the defendant, appeals from the ensuing judgments.

We sustain the appeals.

■ The Justice presiding at trial took it upon himself to examine the defendant's sole supporting witness as on cross-examination. The record is clear that the Court's inquiries could not be classified as a simple quest for clarification of evidence before the court, but could only be viewed by the jury as an expression of opinion by the presiding Justice that the defendant's evidence was unworthy of serious consideration, all in violation of 14 M.R.S.A., § 1105.

■ As stated in *State v. Haycock*, 1972, Me., 296 A.2d 489, a trial justice should not assume, at any time during the course of a trial, the posture of an advocate and should never under any circumstances remove his cloak of impartiality.

Although the Justice's examination was not of the defendant himself, but of the defendant's only supporting witness, the serious potential effect of such conduct in tainting the fairness of the defendant's trial is the same.

We must reverse the judgments of conviction under the "manifest error–serious injustice principle." *State v. Annis*, 1975, Me., 341 A.2d 11.

The entry will be:

Appeals sustained.

All Justices concurring.

* WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.