STATE of Maine

v.

**Andre E. BEAUDOIN.**

Supreme Judicial Court of Maine.

May 24, 1978.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), R. Christopher Almy, Asst. Dist. Attys., Bangor, for plaintiff.

Paine & Lynch, Andrew M. Mead (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On September 6, 1977 defendant Andre E. Beaudoin was indicted in the Superior Court (Penobscot County) for the offense of armed robbery, in violation of 17–A M.R.S.A. § 651. Thereafter, at his trial before a jury on October 24, 1977, defendant was found guilty as charged. Defendant has appealed from the entry of the judgment of conviction.

We deny the appeal.

1.

As his first point of appeal, defendant contends that the presiding Justice erred at trial by welcoming a high school class in the presence of the jury and by permitting the class to attend defendant's trial.

The record reveals that immediately after the jury was sworn and after the indictment was read to the jury, the presiding Justice commented in the presence of the jury:

"Before we proceed with this case, I just want to take this opportunity of welcoming the class I think from Millinocket High School."

A spectator then informed the Court that the class was from East Millinocket and the Justice then continued:

"I hope and trust that you students will have this opportunity together to get some education with respect to how our courts function. And it may aid you perhaps along with all your other studies to know how our judicial process works in the State of Maine. You can stay as long as you wish and you can leave whenever you wish. I hope you enjoy your stay."

Thereafter, at a bench conference, defendant objected to the presence of the class in the courtroom. No subsequent reference

was made to the class, and the record gives no indication that the presence of the class caused any other interruption of the trial.

Defendant contends that defendant's conviction should be reversed because the presence of the class at the trial and the welcoming remarks of the presiding Justice may have prejudiced the jury.

We find no basis for reversal.

■ Absent a showing of actual prejudice, the constitutional guaranty of due process of law would be violated by the public's presence at a trial only if the surrounding circumstances be so extreme in nature and extent as to create a substantial and inherent probability that the trial cannot be fairly conducted. Cf. *Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Estes v. Texas*, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). Ordinarily, that the public is present at a trial creates neither the danger nor the actuality of unfairness to defendant but rather tends to protect against it. See *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1083, 4 L.Ed.2d 989 (1960); *In re Oliver*, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948). We find nothing in the circumstances of this case to indicate that the presence of the high school class or the welcoming remarks by the presiding Justice had serious potential to, or actually did, adversely affect the conduct of the trial or its result.

As a matter of our own state law, we have previously indicated that:

"It is better for the public interest that . . . trials be conducted in the presence of a responsible portion of the community. Public trials have a tendency to prevent waste of the public money." *Williamson v. Lacy*, 86 Me. 80, 84, 29 A. 943, 944 (1893).

While trials should not be interrupted for consideration of matters extraneous to the case being tried, the presiding Justice did not abuse his discretion to control the course of the instant trial by his brief interruption to welcome the high school class.

2.

As another, and last, point of appeal, defendant claims that the presiding Justice erred by admitting in evidence a hooded sweatshirt without proper authentication.

■ Lawrence Miller had testified that the person who had robbed him at his variety store in Bangor on August 15, 1977 was wearing an off-color white hooded sweatshirt which looked just like State's exhibit number 2. Officer Richard Boyd then testified and identified State's exhibit number 2 as the hooded sweatshirt he had found near the scene of the crime on the night of August 15, 1977. Notwithstanding that Officer Boyd was unable to find the identifying mark he claimed to have placed on the sweatshirt, the sweatshirt was admitted in evidence over defendant's objection.

Under Rule 901 M.R.Evid.,

"[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Here, Officer Boyd identified the sweatshirt presented at trial in manner sufficient to support a finding that it was the hooded sweatshirt he had found near the scene of the crime. That Officer Boyd was unable to find his identifying mark on the exhibit at trial affected only the weight of the evidence, not its admissibility.

The entry is:

Appeal denied.

Judgment affirmed.