**STATE of Maine**

v.

**Steve SCHOLTZ.**

Supreme Judicial Court of Maine.

Oct. 30, 1978.

Joseph M. Jabar (orally), Dist. Atty., Wayne Theriault, Legal Intern, Augusta, for plaintiff.

C. J. & N. C. Bourget by Joseph M. O'Donnell, Augusta (orally), for defendant.

Before McKUSICK, C. J., and ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Steve Scholtz was convicted of aggravated assault (17–A M.R.S.A. § 208) and sentenced to serve four years in the Maine State Prison. We sustain his timely appeal, vacate the judgment of conviction and remand to the Superior Court for a new trial.

There was a sharp dispute in the testimony over (1) whether the defendant acted in self defense and (2) whether it was the defendant who actually committed the assault. The victim himself was unable to identify the person who allegedly kicked him in the head on numerous occasions. The credibility of the witnesses to the assault was obviously critical.

We see no need to extend this opinion by including verbatim extracts from the testimony since, on its facts,[1] this case is governed by our holdings in such cases as *State v. Greenwood*, Me., 385 A.2d 803 (1978); *State v. Lint*, Me., 361 A.2d 926 (1976); and *State v. Annis*, Me., 341 A.2d 11 (1975). In its totality, the testimonial transcript satisfies us that the jury very rationally could conclude that the presiding justice, in his

---

1. The presiding justice, *sua sponte*, and over seasonable objection, (1) directed sixteen questions at the victim, the import of which was to minimize prospectively the defendant's claim of self defense, (2) directed twenty-two questions, framed in the manner of a cross-examiner, at a critical defense witness. *See State v. Chaplin*, Me., 308 A.2d 873 (1973); *see also* Field and Murray, *Maine Evidence*, commentary 611.3. Additionally, after a State's witness had been examined extensively on direct, cross, redirect and recross, the justice, *sua sponte* and over objection, caused the witness to define the initials "NSKK" as meaning a "motorcycle organization" called "Natzi Secret Killer Klan," even though only the initials had been casually mentioned once during direct examination. (The spelling of the name of the organization is a direct quote from the record.)

*sua sponte* questioning of three witnesses, had retreated from a position of judicial impartiality. *State v. Haycock*, Me., 296 A.2d 489, 492 (1972). Furthermore, the cautionary instructions later given, as was the situation in *State v. Greenwood, supra* at 804, were "insufficient to remedy the error."

In view of the result reached, we find it unnecessary to discuss the other claimed errors involving instructions to the jury.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded to the Superior Court for a new trial.

POMEROY and WERNICK, JJ., did not sit.