**STATE of Maine**

v.

**Thomas A. LINNELL, Sr.**

Supreme Judicial Court of Maine.

Dec. 5, 1979.

David W. Crook, Dist. Atty., Augusta, James Laliberty, Legal Intern, for plaintiff.

Burton G. Shiro, Ronald L. Bishop (orally), Waterville, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

PER CURIAM.

In a jury trial in Superior Court in Kennebec County the Defendant, Thomas A. Linnell, Sr., was found guilty of aggravated assault by intentionally, knowingly or recklessly causing bodily injury to another with use of a dangerous weapon, 17–A M.R.S.A. § 208(1)(B) (1978 Supp.), in an encounter which occurred on a Saturday evening in October, 1978, at the Defendant's home on Birch Street, in Waterville.

From the judgment of conviction entered thereon the Defendant seasonably appealed to this Court, contending that that judgment should be vacated because of several irregularities which, he asserts, denied him a fair trial in the court below.

We sustain his appeal.

■ While the right of a trial judge to interrogate witnesses appearing before him is expressly granted by M.R.Evid. 614(b), he must at all times refrain from involving himself in the interrogation in a manner that may be taken by the jury to cast doubt on the credibility of a witness. Moreover, the trial judge must refrain from participating in the trial in a manner from which the jury may infer that he has retreated from a position of complete impartiality. *State v. Greenwood*, Me., 385 A.2d 803, 805 (1978).

At this trial the central issue was whether the Defendant had acted in self-defense.

When his attorney was cross-examining the alleged victim, he inquired, "And while in the army, you were trained how to fight?"

The District Attorney objected, and immediately the presiding justice declared, "Sustained. He was also trained how to retreat while he was in the army." [1]

Later while the Defendant himself was on the stand, he was impeded in his proof of self-defense. After testifying that his adversary was bigger and stronger than the Defendant, the latter was asked by his attorney, "Did you feel at the time that you could have stopped him without—?"

The District Attorney interrupted to object. The presiding justice sustained the objection, observing, "It calls for conjecture on the part of the witness."

Thus the Defendant was thwarted in his attempt to adduce evidence of his own state of mind and to prove his own belief that his adversary was about to use deadly force against him.

■ At the close of the evidence, and while instructing the jury, the presiding justice again moved from a position of complete impartiality when he told the jury:

Now, there has been some mention here also of deadly force. I see no real reason to charge you with deadly force. *There*

1. In addition to being an example of a departure from the appearance of complete fairness, this comment was particularly prejudicial in that it could have led the jury to believe that the Defendant was required to retreat even though he was in his own home. See 17–A M.R.S.A. § 108(2)(C)(3)(a).

*really wasn't justification, I feel*, and I may be wrong—it's not for me to say, it's for you to say—for the use of deadly force. There was no deadly force, no real deadly force used, . . . (Emphasis added).

It is inappropriate for a presiding justice in the course of his charge to the jury to comment upon an issue of fact in a manner which tends to disparage one party's theory of the case. *State v. Caron*, Me., 382 A.2d 1390 (1978). Such expression of opinion upon an issue of fact is sufficient cause for a new trial if the aggrieved party desires it. 14 M.R.S.A. § 1105.

 The cumulative effect of these three incidents was to deprive the Defendant of a fair trial in Superior Court.[2]

·The entry, therefore, must be:

Appeal sustained.

Judgment vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

POMEROY and ARCHIBALD, JJ., did not sit.

---

2. We do not reach the question of whether a tooth which allegedly the Defendant's adversary lost in this encounter was properly admitted into evidence on the theory that it was of such probative value as to outweigh the unfairly prejudicial effect such an exhibit might have on the jury. M.R.Evid. 403.

The trial judge has wide latitude in determining the admissibility of such exhibits. *Cope*
*v. Sevigny*, Me., 289 A.2d 682, 689 (1972). He must nevertheless, be alert to exclude any exhibit which may have an undue tendency to move the fact finders to decide the issue on an improper basis, commonly, although not invariably, an emotional one. *See United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).