**STATE of Maine**

v.

**Daniel E. PICKERING.**

Supreme Judicial Court of Maine.

Argued March 7, 1985.

Decided April 25, 1985.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Asst. Dist. Atty., Portland, for plaintiff.

Goranites & Libby, Peter J. Goranites (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Daniel E. Pickering appeals from a judgment of the Superior Court (Cumberland County) affirming a judgment entered by the District Court upon a finding that the defendant had violated 29 M.R. S.A. § 1312–B (Supp.1984–1985) (operating under the influence or with an excessive blood alcohol level—criminal). On appeal, the defendant asserts that the trial court erred in (1) admitting the breath test results when the officer testified that he did not have a particularized recollection of the steps in administering the test; (2) ruling that there was sufficient evidence to establish that the breath sample analyzed by the chemist was the same breath sample taken from the defendant; and (3) permitting the police officer to testify after there had been a violation of the sequestration order. Defendant also contends that the presiding judge improperly participated in the trial. We find no error, and deny the appeal.

At approximately 11:30 p.m. on November 20, 1982 Officer James McCorkle of the Falmouth Police Department observed a motor vehicle being operated in an erratic manner on the Bucknam Road in Falmouth. After pulling the car over, McCorkle asked the driver, who is the defendant in this case, to produce his license and registration. McCorkle then noticed that the defendant's eyes were bloodshot and that his speech was slurred. McCorkle also detected an odor of intoxicating beverage on the defendant's breath. The officer then asked the defendant to perform two field sobriety tests, which the defendant failed. The officer then placed the defendant under arrest and took him to the Cumberland County Jail. After being read the implied consent form, the defendant eventually opted to take a breath test. The test yielded a result of .17%.

Prior to trial, the defendant served the State with notice and request that a qualified witness testify, pursuant to 29 M.R. S.A. § 1312(8) (Supp.1984–1985). The defendant also filed a motion to suppress the breath test results pursuant to M.D.C. Crim.R. 41 and M.R.Crim.P. 41(e).

On April 28, 1983, the court heard the motion to suppress contemporaneously with the case on the merits. After hearing the testimony of the defendant, Officer McCorkle, and the chemist who had analyzed the breath sample, the judge denied the suppression motion and found the defendant guilty. Defendant then appealed to the Superior Court, which denied the appeal. Defendant now appeals to this Court.

I.

At trial, in an effort to show that the breath test had been improperly adminis-

tered, the defendant's attorney repeatedly asked Officer McCorkle how many times the defendant had blown into the bags used in the test. The officer maintained, "I do remember administering the test—the test was administered properly. The defendant blew the bag up properly. The only thing I don't recall is whether he blew it once or twice." The officer further stated that the test was administered properly because he did not recall anything improper about it.

Defendant's motion to strike this testimony was overruled. Now, on appeal, the defendant argues that the presiding judge erred in admitting the breath test results because the officer had no personal knowledge of administering the test, and, under M.R.Evid. 602, was therefore incompetent to testify to its administration.

■ We disagree. First, there is no statutory basis for the proposition that a police officer must have particularized recollection of each step in the administration of a breath test. *See* 29 M.R.S.A. § 1312 (Supp.1984–1985). Further, defendant's reliance on M.R.Evid. 602 is misplaced. M.R. Evid. 602 provides only that: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of a matter." Absolute certainty is not required. Field & Murray, *Maine Evidence,* § 602.1 at 129 (1976); J. Wigmore, *Evidence in Trials at Common Law* § 658(b) (Chadbourn rev.1979). Wigmore further states:

> In general, then, where there has been actual observation, the quality of the impression received at the time and the quality of persistence of that impression are no grounds of objection; for the simple reason that courts must accept the facts of human nature and should not insist on what they cannot fairly expect.

Wigmore at § 658(b).

■ Similarly, it is unrealistic to expect a police officer who administers many breath tests each year to remember the precise details of each test administration. The officer testified that he remembered administering the test; he merely stated that the

test was administered properly because he did not recall anything improper about it. That he lacked a more particularized recollection of the test administration did not render him incompetent to testify. Any inability to recall detail properly went to the weight of his testimony, and not to its admissibility.

## II.

■ On direct examination, Officer McCorkle testified that after he had administered the test and disassembled it, he filled out the required forms, sealed the test, and left it upstairs in the "Demers drop." A chemist employed by Demers Laboratory testified that he received the box in a sealed condition. He further testified that the box contained the officer's name, his department, the date and time of the sample, and the defendant's name. Such identifying marks on the box corresponded to the information that had been written by the officer. Overruling defendant's objection, the court found sufficient evidence to establish a chain of custody. Defendant claims that this ruling was in error because the evidence was insufficient under 29 M.R.S.A. § 1312 to show that the sample taken from the defendant was the same sample analyzed by the chemist.

Section 1312 does not provide any requirement for "chain of custody." The applicable rule is M.R.Evid. 901(a):

> The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

We find that the trial court heard sufficient evidence to find that the breath sample analyzed by the chemist was that of the defendant. Any lack of further testimony as to the chain of custody properly went to the weight, and not to the admissibility, of the breath test. *See, e.g., State v. Lewis,* 401 A.2d 645, 647 (Me.1979); *State v. Beaudoin,* 386 A.2d 731, 733 (Me.1978);

*State v. Stevens,* 137 Vt. 473, 477, 408 A.2d 622, 625 (1979).

## III.

At the beginning of trial, the presiding judge granted the defendant an order of sequestration. After the officer testified and before chemist Buck testified the State indicated that it did not intend to call the officer as a witness again. As such, the defendant stated that he did not object to the officer remaining in the courtroom.

In cross-examining the chemist, defense counsel established that repetitive inflation of the breath kit renders the test invalid. The defendant had already testified, when the officer was sequestered, that he blew up the kit twice and that a bag or bags on the breath kit were inflated, deflated and reinflated.

After the chemist testified the State recalled the officer, to which the defendant strongly objected. The court stated that it would permit the officer to testify on a question by question basis, and only in rebuttal to the defendant's testimony, which the officer did not hear. The officer then testified as to how he administers the test *generally.* The defendant now argues that allowing the officer to testify constituted reversible error.

 In Maine, the sequestration of witnesses is wholly discretionary. *See, e.g., State v. Fernald,* 248 A.2d 754, 757 (Me.1968); Field & Murray at 166. The main goal of sequestration is to prevent "one witness from hearing the testimony of another so as to be able to conform his own testimony to that given by the other, especially that given in response to cross-examination." *State v. Cloutier,* 302 A.2d 84, 90 (Me.1973). We have not previously addressed the issue of recalling witnesses after a violation of a sequestration order. In the majority of jurisdictions, however, violation of a sequestration order does not automatically disqualify a witness; instead, whether such a witness can testify is a matter within the judge's discretion. *See, e.g.; Rowan v. State,* —— Ind. ——, 431

N.E.2d 805, 817 (1982). *Jones v. State,* 13 Md.App. 677, 284 A.2d 635, 639 (1971); *Commonwealth v. Smith,* 464 Pa. 314, 346 A.2d 757, 760 (1975); *Brickhouse v. Commonwealth,* 208 Va. 533, 159 S.E.2d 611, 614 (1968). *See generally* 14 A.L.R.3d 16 (1967 & Supp.1984). We find this to be a sound approach.

 In the instant case, the presiding judge committed no abuse of discretion in allowing the State to recall the officer. Indeed, the judge was particularly sensitive to the possibility of prejudice to the defendant and took effective measures to avoid it: 1) the court permitted the officer to testify only on a question by question basis; 2) the officer testified only as to how he *generally* administers a blood test (as the court noted, the officer acknowledged that he did not have a particularized recollection of administering the defendant's test); and 3) the officer testified only in *rebuttal* to the defendant's testimony, which the officer had not heard. In these circumstances, permitting the State to recall the officer was not error.

## IV.

Finally, the defendant contends that the presiding judge improperly participated in the judicial proceeding by "repeatedly assist[ing] the prosecution." In support of his argument, defendant refers to several passages in the trial transcript where the judge rephrased the student prosecutor's question or summarized a witness' testimony and asked whether the court's understanding of that testimony was correct. He further argues that because of this conduct defendant was denied an impartial trial under Article I, section 6 of the Maine Constitution and the Sixth Amendment of the United States Constitution.

 We have repeatedly stated that although a trial judge may not assume the role of an advocate, he is not confined to the role of a passive moderator. *State v. Curit,* 462 A.2d 1188, 1189 (Me.1983); *State v. Bachelder,* 403 A.2d 754, 759 (Me.

564

1979). M.R.Evid. 614(b)[1] expressly authorizes a trial judge to interrogate witnesses. "By using the power wisely, a trial judge can effectively clarify testimony, save time or prevent a miscarriage of justice, as by bringing forward overlooked essential facts." *Curit,* 462 A.2d at 1190; *Bachelder,* 403 A.2d at 759; *State v. Greenwood,* 385 A.2d 803, 804 (Me.1978). The paramount concern has been that the judge not participate in any manner from which the jury may infer that he endorses the cause of one side. *Curit,* 462 A.2d at 1190. *See also State v. Linnell,* 408 A.2d 693, 694 (Me.1979); Field & Murray at 165. Because there was no jury in the instant case, this concern is absent. Nonetheless, we have examined the record and find that in each instance of alleged improper participation the judge was attempting only to clarify the facts for himself as the factfinder or for the record. Such participation was clearly not improper.

The entry is:

Judgment of conviction affirmed.

All concurring.

See also 578 F.Supp. 1321.

---

1. M.R.Evid. 614(b) provides:
 The court may interrogate witnesses, whether called by itself or by a party.