STATE of Maine

v.

**Katherine H. LABRECQUE.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 9, 1988.

Decided June 30, 1988.

Janet T. Mills, Dist. Atty., William D. Maselli, Legal Intern, Farmington, for plaintiff.

David M. Sander, Livermore Falls, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

McKUSICK, Chief Justice.

After a jury trial in Superior Court (Franklin County) defendant Katherine H. Labrecque was convicted of operating a motor vehicle with an excessive blood-alcohol level in violation of 29 M.R.S.A. § 1312–B (Supp.1987). On her appeal defendant challenges the court's admission of the chemical analysis of a blood-alcohol sample taken at the time she was stopped. We affirm the conviction.

When defendant was arrested for operating under the influence early in the morning of February 10, 1987, the arresting officer took a blood-alcohol sample. The officer, after properly identifying the sample, sealed it in a mailing container properly addressed to the laboratory in Winslow, and deposited it in the out mailbox at the sheriff's office in Farmington. The sample went forward to the Winslow laboratory by regular mail. At the laboratory the chemist broke the seal on the sample, identified as defendant's, and then by analysis of the sample determined that defendant's blood-alcohol level was .18.

We reject defendant's contention that 29 M.R.S.A. § 1312(8) (Supp.1987) makes certified or registered mail the exclusive means by which blood-alcohol samples may be sent to a laboratory for analysis. Under 29 M.R.S.A. § 1312 every driver must submit to a blood-alcohol test when there is probable cause to believe that he or she has operated a motor vehicle while under the influence of intoxicating liquor. Subsection (8) establishes the admissibility as evidence of the result of the blood-alcohol test. That subsection also provides that "[t]ransfer of sample specimens to and from a laboratory for purposes of analysis may be by certified or registered mail, and

when so made shall be deemed to comply with all requirements regarding the continuity of custody of physical evidence." 29 M.R.S.A. § 1312(8). The clear language of section 1312(8) states only that transfers "may" be by certified or registered mail. If the option of certified or registered mail is used, the foundational authenticity of a blood-alcohol sample mailed to the laboratory is satisfied without any further showing. However, the statute does not preclude the transfer of samples by regular mail or indeed by any other method, including hand delivery.

 Defendant argues in the alternative that the trial court erred in finding that the State established a sufficient chain of custody to allow the admission of the result of the blood-alcohol test. That contention is equally without merit. "Section 1312 does not provide any requirement for a 'chain of custody.' The applicable rule is M.R.Evid. 901(a)." *State v. Pickering*, 491 A.2d 560, 562 (Me.1985). M.R.Evid. 901(a) provides:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

As in *State v. Pickering*, 491 A.2d at 562, the Superior Court in the case at bar had before it ample "evidence to support [its] finding that the matter in question [was] what its proponent [the State] claim[ed]," namely, the blood-alcohol sample taken from defendant at the time of her arrest.

The entry is:

Judgment affirmed.

All concurring.